﻿Citation Nr: AXXXXXXXX
Decision Date: 02/27/20 Archive Date: 02/27/20

DOCKET NO. 190228-9439
DATE: February 27, 2020

ORDER

Evaluation of posttraumatic stress disorder with unspecified depressive disorder (PTSD) in excess of 70 percent is denied.

FINDING OF FACT

The Veteran’s PTSD has caused occupational and social impairment with deficiencies in most areas, but not total occupation and social impairment.

CONCLUSION OF LAW

The criteria for an increased evaluation in excess of 70 percent for service-connected PTSD are not met. 38 C.F.R. § 4.130, Diagnostic Code 9411.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Board notes that the rating decision on appeal was issued in February 2019. In November 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)).

The Veteran served on active duty from January 1966 to January 1968. 

The Veteran selected the Higher-Level Review lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. Accordingly, the November 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

1. Entitlement to a disability rating in excess of 70 percent for PTSD from April 2, 2016 to November 16, 2018, is denied.

The Veteran contends that his service-connected PTSD warrants a higher rating. 

The AOJ found that the Veteran’s PTSD with depressive disorder occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as suicidal ideation; obsessional rituals which interfere with routine activities; intermittently illogical, obscure, or irrelevant speech; near-continuous panic or depression affecting the ability to function independently.

The Veteran’s PTSD is evaluated under 38 C.F.R. § 4.130, Diagnostic Code 9411. Under the General Rating Formula For Mental Disorders, to include PTSD, a 70 percent evaluation is warranted where there is occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as suicidal ideation; obsessional rituals which interfere with routine activities; intermittently illogical, obscure, or irrelevant speech; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work-like setting); and inability to establish and maintain effective relationships. Id. A 100 percent evaluation is assignable where there is total occupational and social impairment, due to such symptoms as gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); and disorientation to time or place; memory loss for names of close relatives, own occupation, or own name. Id.

Consideration is given to the frequency, severity, and duration of psychiatric symptoms, the length of remission, and the Veteran’s capacity for adjustment during periods of remission. An evaluation shall be assigned based on all the evidence of record that bears on occupational and social impairment, rather than solely on the examiner’s assessment of the level of disability at the moment of the examination. 38 C.F.R. § 4.126(a). Furthermore, when evaluating the level of disability arising from a mental disorder, the rating agency will consider the extent of social impairment but shall not assign an evaluation solely on the basis of social impairment. 38 C.F.R. § 4.126(b).

The symptoms associated with the psychiatric rating criteria are not intended to constitute exhaustive lists, but rather serve as examples of the type and degree of the symptoms, or their effects, that would justify a particular rating. Mauerhan v. Principi, 16 Vet. App. 436, 443 (2002). Thus, the Board will consider whether “the evidence demonstrates that a claimant suffers symptoms or effects that cause occupational or social impairment equivalent to what would be caused by the symptoms listed in the diagnostic code,” and, if so, the “equivalent rating will be assigned.” Id. The Federal Circuit has held that a Veteran may only qualify for a given disability rating “by demonstrating the particular symptoms associated with that percentage, or others of similar severity, frequency, and duration.” Vazquez-Claudio v. Shinseki, 713 F.3d 112, 117 (Fed. Cir. 2013) (“Reading [38 C.F.R. §§ 4.126 and 4.130] together, it is evident that the ‘frequency, severity, and duration’ of a Veteran’s symptoms must play an important role in determining his disability level.”)

The Veteran underwent two VA examinations for PTSD in May 2016 and January 2017. Both the May 2016 and January 2017 VA examiners classified the Veteran’s PTSD with unspecified depressive disorder as occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood. The examiners noted that he lives with his wife and two grandchildren and maintained primary physical custody of his grandchildren. He described his relationship with them as good and indicated that they all support each other. The Veteran had two close friends who “are like family.” The Veteran would occasionally go out socially, but usually had to leave early due to anxiety. He indicated that he hasn’t worked in years. His symptoms were consistently reported as depressed mood, anxiety, sleep impairment, disturbances of mood, flattened affect, mild memory loss, etc. However, upon interview the Veteran reported no history of suicidal or homicidal ideations. He is able to attend to his own personal hygiene he just had less motivation to do so. Both examiners noted that his thought processes were logical and goal-direct.

May 2016 and October 2016 VA treatment records associated with the file indicate that the Veteran’s PTSD symptoms are generally “all right” and that symptoms might worsen due to specific situations such as the deaths of family members or close friends. In August 2016, the Veteran also reported adequate interest and motivation. He had been busy with household projects and repairs. The Veteran stayed physically active with yardwork and playing with his grandchildren. He also swam twice weekly at the local pool. 

The Veteran submitted a November 2017 private mental health examination by Dr. R.B.H. who opined that the Veteran had total occupational and social impairment. Dr. R.B.H. provided the rationale that he has known the Veteran for 10 years and that his symptoms have increased in severity. He noted that the Veteran stopped working years ago and that he has mood disturbances. 

The Board finds the Veteran’s May 2016 and January 2017 VA examinations and corresponding treatment notes to be the most probative evidence of the Veteran’s PTSD symptoms. Contemporaneous medical records created for the purpose of PTSD treatment indicate the Veteran consistently reported the previously mentioned symptomatology and the Veteran was consistently assessed as demonstrating coherent thought process and communication skills, and consistently denied suicidal or homicidal ideations. See May 2016 and January 2017 VA examination reports. 

The Board acknowledges the Veteran’s contentions as to the increase in severity of his PTSD. The Board does not downplay the very real and serious disability from which the Veteran suffers. Nevertheless, a 70 percent evaluation under 38 C.F.R. § 4.130 already contemplates a significant and almost total level of occupational and social impairment; with deficiencies in virtually all aspects of life such as work, school, family relations, judgment, thinking, and mood. Although the Veteran has been granted entitlement to a total disability rating based on individual unemployability (TDIU) based on his TDIU symptoms, suggesting total occupational impairment, the Veteran clearly does not have total social impairment. The Veteran maintains a close relationship with his wife, children, grandchildren, and friends. He also can function in society to the extent that he can leave the house to swim multiple times per week and can function in a social setting for a period of time, although he reports that he generally does have to leave social engagements early due to anxiety.

In whole, the evidence does not demonstrate that the Veteran’s PTSD is manifested by total social and occupational impairment. 38 C.F.R. § 4.130, Diagnostic Code 9411. Thus, a higher evaluation of 100 percent is not warranted during any period on appeal. 

 

CHRISTOPHER HOUBECK

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board, R. Smith Department of Veterans Affairs

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.